IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| Nicole Livingston | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:18-CV-024 |
| | ) | |
| Portfolio Recovery Associates, LLC, | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

## INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq.

## JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 (federal question jurisdiction).

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereafter referred to as "FDCPA"), by Defendant in its illegal efforts to collect a consumer debt.

4. Venue is proper in this District because the acts and transactions occurred here, Defendant transacts business here and Plaintiff resides here.

## PARTIES AND PERSONAL JURISDICTION

5. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 4 above as if set forth fully herein.

6. Plaintiff, Nicole Livingston (hereafter referred to as "Plaintiff" and/or "Mrs. Livingston"), is a resident of this State, District and Division who is authorized by law to bring this action.

7. Defendant Portfolio Recovery Associates, LLC (hereafter referred to as "Defendant" and/or "PRA") is a "debt collector" as defined by 15 U.S.C. §1692a(6), and a Foreign Limited Liability Company organized in Delaware, with its principal office located at 120 Corporate Blvd., Suite 100, Norfolk, VA 23502-4952 and maintains Corporation Service Company as its registered agent for service of process.

8. Other defendants may be discovered in the course of litigation, and Mrs. Livingston respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

9. Mrs. Livingston incorporates the allegations set forth in Paragraphs 1 through 8 above as if set forth fully herein.

10. Sometime prior to October 2011, Mrs. Livingston incurred a consumer debt with GE Money Bank.

11. Thereafter, Mrs. Livingston's debt was consigned, assigned or otherwise claimed to be transferred to Defendant for collection from Mrs. Livingston.

12. Defendant retained the law firm Morgan and Pottinger, P.S.C. to further execute

collection efforts regarding the above-referenced debt.

13. Acting at the directive of its client PRA, Morgan and Pottinger, P.S.C. issued civil litigation against Mrs. Livingston[1] on October 17, 2011 in Sevier County General Sessions Court, docket number C0070254.

14. A default judgment was entered against Mrs. Livingston on February 2, 2012 in Sevier County General Sessions Court in the amount of $5,482.21, plus costs. A copy of the default judgment is attached hereto as Exhibit 1 and incorporated herein by reference.

15. A total of eight hundred dollars and no cents ($800.00) was credit to Mrs. Livingston on said account in 2012. Attached hereto is a status report prepared by the Sevier County General Sessions Court Clerk attached hereto as Exhibit 2 and incorporated herein by reference.

16. On or about December 10, 2012, PRA issued execution of a bank levy against Mrs. Livingston's bank account of which there were no funds available to be levied. *See generally* Exhibit 2.

17. On or about May 1, 2013, PRA again issued execution of a bank levy against Mrs. Livingston's bank account of which $1,079.99 was levied.

18. In 2014, Fenton and McGarvey Law Firm, P.S.C. (hereafter referred to as "Fenton & McGarvey") was substituted for Morgan and Pottinger, P.S.C. as counsel of record for PRA.

19. Acting at the directive of its client PRA, Fenton & McGarvey sent Mrs. Livingston a collection letter dated September 2, 2014. A copy of the September 2, 2014 collection letter is attached hereto as Exhibit 3 and incorporated herein by reference.

20. The September 2, 2014 collection letter stated: (a) "[o]ur file" number 11Y05077;

---

[1] Civil litigation was also issued against Mrs. Livingston's husband, Justin Livingston, who is not a party to this case.

(b) name of creditor as Portfolio Recovery Associates, LLC; (c) Nicole Livingston as name of consumer; (d) case number C0070254; (e) original account number ending in 5616; and (f) judgment balance $4,598.59. *See* Exhibit 3.

21. On or about April 21, 2015, PRA again issued execution of a bank levy against Mrs. Livingston's bank account of which $48.10 was levied. *See generally* Exhibit 2.

22. PRA tried to levy Mrs. Livingston's bank account once again in July 2015 of which no funds were available to be levied. *See generally* Exhibit 2.

23. Within a year prior to the filing of this Complaint, PRA, through Fenton & McGarvey, sent a collection letter dated January 20, 2017 to Mrs. Livingston.

24. The January 20, 2017 collection letter from PRA via Fenton & McGarvey was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the January 20, 2017 collection communication is attached hereto as Exhibit 4 and incorporated herein by reference.

25. The January 20, 2017 collection letter stated: (a) "Portfolio Recovery Associates, LLC vs. Nicole Livingston;" (b) Sevier County General Sessions Court case number C0070254; (c) original creditor GE Money Bank; (d) "[o]ur file" number 11Y05077; and (e) amount claimed due: $5,658.28. *See* Exhibit 4.

26. Thereafter, Mrs. Livingston received a subsequent collection letter from PRA via Fenton & McGarvey approximately six (6) months later dated July 24, 2017.

27. The July 24, 2017 collection letter from PRA was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the July 24, 2017 collection communication is attached hereto as Exhibit 5 and incorporated herein by reference.

28. The July 24, 2017 collection letter collection letter stated: (a) "Portfolio Recovery Associates, LLC vs. Nicole Livingston;" (b) Sevier County General Sessions Court case number C0070254; (c) original creditor GE Money Bank; and (d) "[o]ur file" number 11Y05077. *See* Exhibit 5

29. Although no payments had been made to said account since the previous January 20, 2017 collection communication (see generally Exhibit 4) the amount sought inexplicably reduced to $5,342.97. *See* Exhibit 5

30. Mrs. Livingston states no payments have been made to the above-referenced account since the bank levy of $48.10 that occurred on or about April 2015.

31. The status report prepared by the Sevier County General Sessions Court Clerk states an unpaid balance of assessed amount as $4,843.30. *See* Exhibit 2.

CAUSES OF ACTION
FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
UNFAIR PRACTICES

32. Mrs. Livingston incorporates the allegations set forth in Paragraphs 1 through 32 above as if set forth fully herein.

33. The acts of PRA constitute violations of the Fair Debt Collection Practices Act. PRA's violations of the FDCPA include, but are not limited to, the collection of amounts neither expressly authorized by the agreement creating the debt nor permitted by law in a violation of 15 U.S.C. §1692f(1).

34. The actual amount of the alleged debt is certainly in question. It is overly confusing as to what amount is owed on this account. Mrs. Livingston asserts that Defendant is not giving credit for prior amounts paid to this account in the January 20, 2017 collection

correspondence. Furthermore, the amount sought in Defendant's collection correspondence dated July 24, 2017 of $5,342.97 is significantly more than the balance stated in the Sevier County General Sessions Court of $4,843.30.

35. Furthermore, it cannot be explained how the balance amount sought lowered from $5,658.28 in the January 20, 2017 collection correspondence to $5,342.97 as stated in the July 24, 2017 collection correspondence when no payments had been applied to the account.

36. A simple understanding of accruing interest shows that the amounts demanded by PRA is a result of its efforts to keep Mrs. Livingston confused as to the amount owed since they are completely random and accrue incalculable rates of interest that are neither authorized in the agreement creating the debt nor permitted by law.

37. By demanding amounts that increase at a rate which is inconsistent with the contractual rate of interest nor permitted by law, Defendant has confused Mrs. Livingston as to what amount of money she owes on this account.

38. Mrs. Livingston asserts that the constantly changing balances demanded by Defendant demonstrate that the Defendant does not have actual knowledge of the correct amount owed on this account, if any.

39. Mrs. Livingston asserts that the constantly changing balances demanded by Defendant demonstrate that the Defendant does not have actual knowledge of the correct amount of interest applicable to this account, if any.

40. Mrs. Livingston further asserts that Defendant is attempting to keep her confused as to the amount owed, so that if she were to make payments on this account she would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by her.

41. Defendant's collection letters never assert that interest and/or fees are accruing or at what rate interest/fees are accruing, late charges and other charges may vary from day to day, and therefore even if she were to pay the full amount demanded of her, Defendant may still seek more from her in the future.

42. The collection letters from Defendant assert varying balances owed, and after calculating the time that had passed between the letters and the change in the amount demanded, it is obvious the interest and fees charged were not applied consistently and thus could neither be in compliance with the original agreement creating the debt nor permitted by operation of law.

43. As a result of Defendant's actions, Mrs. Livingston is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

### SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO THE AMOUNT OF THE ALLEGED DEBT

44. Mrs. Livingston incorporates the allegations set forth in Paragraphs 1 through 43 above as if set forth fully herein.

45. The acts of Defendant constitute violations of the FDCPA. Violations by the Defendant of the FDCPA include, but are not limited to, the use of false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2)(A).

46. Each letter from Defendant demands a different amount from Mrs. Livingston.

47. As more fully described in the first cause of action *supra*, a calculation of the time between Defendant's collection letters and the amounts sought shows that each and every collection effort has accrued a different amount of interest, and none of them applied the contractual rate of interest or an amount permissible by applicable law.

48. By assigning different account balances and interest rates to the same account, none of which are the applicable rate of interest, Defendant has confused Mrs. Livingston as to what amount of money is owed on this account.

49. Mrs. Livingston is confused as to what amount on this account is owed since Mrs. Livingston has received various collection letters with varying balances and impermissible interest rates applied especially in light of the Sevier County General Sessions Clerk, a neutral third party, which states a lower balance amount owed than claimed by Defendant.

50. As a result of Defendant's actions, Mrs. Livingston is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

51. Mrs. Livingston incorporates the allegations set forth in Paragraphs 1 through 50 above as if set forth fully herein.

52. Mrs. Livingston is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT(S) AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. §1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney

fee pursuant to 15 U.S.C. §1692k(a)(3);

      d)      That the Court declare all defenses raised by Defendant(s) to be insufficient; and

      e)      That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 19th day of January, 2018.

NICOLE LIVINGSTON

BY:   /s/ Brent Travis Strunk
        Brent Travis Strunk (BPR 023050)
        Attorney for Plaintiff

Brackett and Strunk, PLLC
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
865-688-0868
(f) 865-688-2950
consumerbk@comcast.net